SIGNED.

Dated: November 13, 2007

JAMES M. MARLAR
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

JEFFREY A. KING and JOYCE L. KING,

Debtors.

Chapter 13

No. 2:06-bk-04089-JMM

**MEMORANDUM DECISION RE: MOTION FOR AWARD OF GARNISHED FUNDS**

Before this court is a motion, filed by creditor, Joseph P. Rocco, entitled "Motion for Award of Garnished Funds." The Debtors have responded in opposition thereto. After reviewing the pleadings, the entire administrative file, and the law, the court concludes that oral argument will not aid it in rendering its decision, and therefore explains its ruling in this Memorandum Decision.

## PROCEDURE

### A. The King Chapter 13 Bankruptcy

The Debtors herein filed for chapter 13 relief on December 5, 2006. A contested hearing on their chapter 13 plan was conducted on July 24, 2007, after which, on August 16, 2007, the court confirmed their plan and overruled Mr. Rocco's objections thereto (Dkts. #109 and #110). Mr. Rocco has appealed that decision, but to date, the Bankruptcy Appellate Panel has not yet ruled on the decision. No stay pending appeal has been granted.

The Debtors are assumed to be in compliance with their plan, because neither the chapter 13 Trustee nor any creditor has moved to dismiss the case for non-performance.

1

### B. The Rocco Chapter 7 Bankruptcy

Creditor, Joseph P. Rocco, filed his own bankruptcy petition, under the liquidation provisions of chapter 7, on May 23, 2007.[1] The case was assigned a chapter 7 trustee, Robert A. McKenzie. Mr. Rocco's receivable, his claim in the King chapter 13, became an asset of his chapter 7 estate. 11 U.S.C. § 541(a).

On September 13, 2007, the trustee compromised several matters with Mr. Rocco, and the bankruptcy court approved that settlement on October 10, 2007 (Dkts. #19 and #29). In that compromise, the trustee relinquished any interest in the King claim / litigation / chapter 13 case for a cash payment of $67,500.

By virtue of that settlement, Mr. Rocco now has the legal standing to once more participate in the Kings' chapter 13 case.

### C. The King Bankruptcy: Confirmation and Post-Confirmation Events

This court confirmed the Kings' chapter 13 plan on August 16, 2007 (Dkts. #109 and #110). In that plan, the Debtors proposed to pay their unsecured creditors, on allowed claims, over a 60-month period. Over that period, each creditor is to receive 100% of its claim. (*See* Dkt #109.)

Now, three months since confirmation, Mr. Rocco seeks this court's permission to continue to pursue collection of the pre-bankruptcy, state court judgment upon which he has filed a claim in these proceedings. His prayer for relief, in the instant motion, is for permission to reduce the garnishments to judgment against the garnishee-defendants, and in the process collect $2,550.20, and also to reduce to judgment his claim to the stock in the former King law firm..

---

[1] Case No. 2-07-bk-2362-SSC.

# LEGAL DISCUSSION

## A. The Plan is Binding On All Creditors

Mr. Rocco's pleading fails to address the most important statute concerning his rights, post-confirmation. That statute is 11 U.S.C. § 1327. In its entirety, the statute provides:

> § 1327. Effect of confirmation
>
> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

What this statute means is that all state court pre-bankruptcy collections proceedings have been nullified by the confirmed plan. The plan's provisions now supercede a creditor's pre-bankruptcy rights under state law. Federal bankruptcy law pre-empts state law on any issue affecting any debtor-creditor relation which has been dealt with by a confirmed plan. *See, e.g., In re Ivory*, 70 F3d 73 (9th Cir. 1995). As the Circuit noted in the *Ivory* case, quoting from *In re Fietz*, 852 F.2d 455, 458 (9th Cir. 1988):

> Once a chapter 13 plan is confirmed, all of the property of the estate vests in the debtor and creditors are precluded from asserting any other interest than that provided for them in the confirmed plan.

Thus, the writs concerning the garnished funds must be quashed, and the monies and stock released back to the Debtors. Mr. Rocco is left with his monthly payments under the confirmed plan. Once the Debtors complete their plan, they will be entitled to a discharge. 11 U.S.C. § 1328(a). If they default and the chapter 13 case is dismissed, Mr. Rocco can re-activate collection efforts in the Superior Court.

**B. The Garnished Funds Have Always Been Property of the Estate[2]**

This court must also address another argument made by Mr. Rocco. He argues that garnishment "perfects" a lien against sums held by the garnishee, and cites ARIZ. REV. STAT. § 12-1598.05 for this proposition. His conclusion is that the garnished funds were not "property of the estate" when the chapter 13 case was filed on December 5, 2006. The court disagrees.

The motion, as well as the exhibits attached thereto, show the facts to be.

1. Writs of garnishment were served on Jeffrey King, P.C., Kent & Wittekind, P.C. and the Bank of America between November 7 and December 5, 2006 (Motion at 1, lines 21-22).
2. On November 27, 2006, Jeffrey A. King, P.C. answered that it held 100 shares of common stock belonging to the Debtors (Motion at 2, lines 1-3).
3. On November 28, 2006, Kent and Wittekind (Mr. King's employer) answered and noted that the garnishment had caught $758.94 (Motion at 2, lines 4-8).
4. On December 5, 2006, Bank of America answered noting that the writ had netted, after an answer fee, the sum of $1,791.26 (motion at 2, lines 9-11).
5. The Debtors filed for chapter 13 relief on December 5, 2006.
6. The writs of garnishment have never been reduced to judgments against the garnishee-defendants.

First, the cited statute only applies to "earnings," which means compensation paid for personal services, be they wages, salary, commissions, or bonuses. ARIZ. REV. STAT. §§ 12-1598, *et seq.*, and 12-1598(4). Earnings lose that status once they are transferred to the debtor's bank account. ARIZ. REV. STAT. § 12-1598.01; *Frazer, Ryan, et al. v. Smith*, 184 Ariz. 181, 907 P.2d 1384 (App. 1995), *review denied*. Thus, Mr. Rocco's writ of garnishment, served upon Bank of America and garnering an answer noting that $1,791.26 was caught, does not constitute earnings, and therefore reliance on ARIZ. REV. STAT. § 12-1598.05 is inapplicable to the $1,791.26 amount. In the case of garnishment for money or property, ARIZ.

---

[2] In large measure, this court is once more traveling over the same ground it traversed, pre-confirmation, during stay relief proceedings. (*See* Dkts. #39 and #40.)

REV. STAT. §§ 12-1570--1597 applies. For a garnishment served under those sections, no garnishment lien is perfected until a judgment is entered. *In re McCoy*, 46 B.R. 9 (Bankr. D. Ariz. 1984). Thus, Mr. Rocco had no lien interest in the Bank of America monies, and that writ must be quashed and the monies repaid to the Debtors.

Second, Mr. Rocco's other writ of garnishment, served on Mr. King's employer, netted $758.94. These monies did constitute "earnings," and ARIZ. REV. STAT. §12-1598.05 did create a lien, "from the date of service until" either (1) an order of continuing lien is entered; (2) expiration of 45 days after an answer is filed, or (3) the writ is quashed, released, or becomes ineffective because the "proceedings are stayed by a court of competent jurisdiction, including the United States Bankruptcy Court." ARIZ. REV. STAT. §§ 12-1598.05(A) and 1598.10(D)(4). Thus, pursuant to Arizona law, the Kings' chapter 13 filing caused the writ served on Mr. King's employer to become "ineffective." Because the writ was rendered ineffective by the bankruptcy filing before Mr. Rocco could foreclose on his lien, his rights, on the day of the bankruptcy filing, were no better than those of any other unsecured creditor. Since Mr. Rocco never reduced his writ to judgment, his rights expired as a matter of law. *Cf.* ARIZ. REV. STAT. §12-1598(E).

Therefore, since Mr. Rocco has no rights in either the pre-bankruptcy garnished funds or the stock, and further because any rights (if they existed) have now been superceded by the confirmed plan, the court must:

1. Deny the Motion for Award of Garnished Funds;
2. Order that said garnished funds in the amounts of $758.94 (Kent & Wittekind, P.C.) and $1,791.26 (Bank of America) be quashed and released to the Debtors;
3. Order that the writ served on Jeffrey King, P.C. be quashed and the stock returned to the Debtors;
4. Vacate the hearing set for November 28, 2007, at 9:30 a.m.; and
5. Deny the Debtors' request for fees or sanctions.

**RULING**

The court's ruling, set forth immediately above, shall be entered by separate order. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Allan D. NewDelman
Allan D NewDelman PC
80 E. Columbus Ave.
Phoenix, AZ 85012
Attorneys for Debtors                Email: anewdelman@uswest.net

Russell A. Brown, Trustee
P.O. Box 33970
Phoenix, AZ 85004-3970
Chapter 13 Trustee                   Email russell.a.brown@azbar.org

Joseph P. Rocco
Rocco Law Firm
7325 N. 16th St., Suite 120
Phoenix, AZ 85020
*Pro Se*                             U.S. Mail

Terry A. Dake
Terry A. Dake, Ltd.
11811 N. Tatum Blvd., #3031
Phoenix, AZ 85028-1621               Email tdake@cox.net

Robert A. Mackenzie
2025 N. 3rd St., #157
Phoenix, AZ 85004                    Email: ram@ramlawltd.com

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706               U.S. Mail


By /s/ M. B. Thompson
    Judicial Assistant